**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KAY MESSINA,** )<br><br>Plaintiff**,** )<br><br>v. )<br><br>**ROCKY MOUNTAIN RECOVERY** )<br>**SYSTEMS, INC.,** )<br><br>Defendant. )<br>_____ ) | **Case No.: 1:16-cv-00642-RGA** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**REQUEST TO VACATE CLERK'S ENTRY OF DEFAULT, EXTEND DEADLINE**
**FOR SERVICE, AND TO AMEND COMPLAINT**

 Plaintiff, Kay Messina, by and through counsel, pursuant to Federal Rule of Civil Procedure Rule 4, respectfully submits this Memorandum of Law in Support of her Motion to Vacate the Clerk's Entry of Default against this Defendant, Extend Deadline for Service, and to Amend the Complaint. There is good cause for this extension mainly because Defendant has posted inaccurate or untrue information about its address, has misled Plaintiff's attempts to locate an address, and seems to be evading service in general.

**I.** **Facts & Procedural History**

 Plaintiff filed her Complaint on July 28, 2016. See Docket Entry 1. Plaintiff filed a Motion to Extend the Deadline for Service on October 25, 2016. See Docket Entry 3. This Honorable Court granted Plaintiff's Motion to Extend on November 1, 2016, extending the deadline to serve until December 9, 2016. See Docket Entry 5. The Complaint and Summons were served on Rocky Mountain Recovery Systems, Inc. on October 27, 2016. See Docket Entry 6. Defendant failed to file a timely response to Plaintiff's complaint. Consequently, Plaintiff requested an Entry of Default against Defendant. See Docket No. 7. Entry of Default was entered

1

against Defendant on November 21, 2016. <u>See</u> Docket No. 8. Plaintiff has since learned that she named the incorrect party in her Complaint, and served the Complaint and Summons upon the incorrect party. Plaintiff brings this motion in order to amend her Complaint to include the correct Defendant, vacate the Default against the incorrect party, and for an extension of the service deadline in order to serve the Amended Complaint and Summons upon the correct Defendant.

## II.    <u>Argument</u>

Federal Rule of Civil Procedure 55(c) provides that entries of default may be vacated "for good cause shown." The "good cause" standard is less rigorous than the standard for vacating default judgments, as entries of default are essentially administrative tasks performed in many cases, as with this one, without regard to the merits of the action. <u>See</u> <u>American Alliance Ins. Co. v. Eagle Ins. Co.</u>, 92 F.3d 57, 59 (2d Cir. 1996); <u>Peoples</u>, 299 F.R.D. at 58-59 (citing <u>Meehan v. Snow</u>, 652 F.2d 274, 276 (2d Cir. 1981)).

Under Fed. R. Civ. P. 15(a), a motion for leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>see also</u>, <u>Forman v. Davis</u>, 371 U.S. 178 (1962) and <u>Sheppard v. River Valley Fitness One, L.P.</u>, 2002 WL 197976 (D.NH 2002). In <u>Forman v. Davis</u>, 371 U.S. 178 (1962), the United States Supreme Court recognized a liberal amendment of pleadings policy embodied in Rule 15(a) of the Federal Rules of Civil Procedure. <u>See</u> <u>Forman</u>, 371 U.S. at 182. "The Supreme Court has held that 'this mandate is to be heeded' and that a motion to amend should not be denied unless there are compelling reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant … [or] undue prejudice to the opposing party.'" <u>See</u> <u>Picker Intern., Inc. v. Leavitt</u>, 128 F.R.D. 3, 8 (D.Mass.1989) (citing <u>Forman v. Davis</u>, 371 U.S. at 182). In determining whether to grant leave to amend, the Court should also consider the effect any such amendment would have on judicial resources and the impact on the judicial system. <u>See</u> <u>Stephenson v. Dow Chemical Co.</u>, 220 F.R.D. 22, 25 (E.D.N.Y. 2004). Further, the Court should consider whether the

proposed amendment would lead to an expeditious disposition of the litigation on its merits. See Chitimacha Tribute v. Harry L. Laws Co., 360 F. 2d 1157, 1163 (5th Cir. 1982).

Under Fed. R. Civ. P. (4), "if the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period." Good cause generally exists where despite the diligence of the party seeking relief, the party cannot reasonably meet the deadlines and granting the extension will not prejudice the other party. Andretti v. Borla Perform. Indus., Inc., 426 f.3d 824, 830 (6th Cir. 2005); See also Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 701 (E.D. Pa. 2007). This is true even when the party has missed a court's deadline. Andretti at 830. In examining this the Court considers four factors: (1) explanation for failure to submit filing on time; (2) importance of the filing; (3) potential prejudice in disallowing or allowing the filing; and (4) availability of continuance to cure. Reliance Ins. Co. v. Louisana Land and Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997); See also Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987). In applying factors, "the Court has great discretion in determining what kind of showing the moving party must show in order to satisfy the good cause requirement..." Thoman v. Philips Medical Systems, 2007 WL 203943 at *10 (D.N.J. Jan. 24, 2007). In this case: (1) Plaintiff has good reason for not yet making service and is requesting an extension before the time has run; (2) the extension of the service deadline is essential to Plaintiff pursuing her case; (3) Plaintiff would be prejudiced if she was not permitted to continue her case due to Defendant's failure to publish or provide a physical address; and (4) it is extremely likely that additional time will allow Plaintiff to locate Defendant.

Plaintiff has recently obtained an additional physical address for Defendant and has begun the process of personally serving Defendant at this newly-obtained address. With this information, Plaintiff believes that it is likely that Plaintiff will be able to serve Defendant at such address.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Respectfully submitted,

Dated: December 8, 2016                     By:/s/ W. Christopher Componovo__
                                                 W. Christopher Componovo
                                                 Attorney ID #3234
                                                 Kimmel & Silverman, P.C.
                                                 Silverside Carr Executive Center
                                                 Suite 118, 501 Silverside Road
                                                 Wilmington, DE 19809
                                                 Phone: (302) 791-9373
                                                 Facsimile: (302) 791-9476

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of Plaintiff's Motion to Vacate the Clerk's Entry of Default against this Defendant, Extend Deadline for Service, and to Amend the Complaint, including the Memorandum and Proposed Order, in the above-captioned matter this 8th day of December 2016 via U.S. Mail to:

Rocky Mountain Recovery Group, LLC.
2851 S. Parker Road, Suite 716
Aurora, CO 80014

and

Bret T. Allred, Esq.
Wilkerson & Bremer Law Group, LLC
210 N. Bent Street
Powell, WY 82435
bret@basinlaw.com
Attorney for Rocky Mountain Recovery Systems, Inc.


Respectfully submitted,


Dated: December 8, 2016              By:*/s/ W. Christopher Componovo*__
                                     W. Christopher Componovo
                                     Attorney ID #3234
                                     Kimmel & Silverman, P.C.
                                     Silverside Carr Executive Center
                                     Suite 118, 501 Silverside Road
                                     Wilmington, DE 19809
                                     Phone: (302) 791-9373
                                     Facsimile: (302) 791-9476

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION