UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KAY MESSINA,** | ) |
| Plaintiff, | ) Case No.: 1:16-cv-00642-RGA |
| v. | ) |
| | ) **FIRST AMENDED COMPLAINT** |
| **ROCKY MOUNTAIN RECOVERY GROUP, LLC,** | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

KAY MESSINA ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against ROCKY MOUNTAIN RECOVERY GROUP, LLC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Delaware therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wilmington, Delaware.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 2851 S. Parker Road, Suite 716, Aurora, CO 80014.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13. On June 24, 2015, Defendant sent a collection email to Plaintiff seeking to collect a debt owed to Hylan Asset Management. See Exhibit "A".

14. Plaintiff never heard of Hylan Asset Management.

15. On June 30, 2015, Plaintiff sent an email in response to Defendant requesting verification of the debt. See Id.

16. Plaintiff also indicated in her June 30, 2015 email that the Defendant was not to contact her until they sent verification of the debt. See Id.

17. Although Defendant did not respond to her correspondence, Defendant continued to contact Plaintiff, including during the evening of July 27, 2015.

18. Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692g(b) OF THE FDCPA

19. Section 1692g(b) of the FDCPA provides: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the

consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

20. Defendant violated § 1692g(b) when it called Plaintiff despite the fact it did not provide her with verification of the debt as she requested in her June 30, 2015 correspondence.

WHEREFORE, Plaintiff, KAY MESSINA, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

e. Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAY MESSINA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:   December 19, 2016            By:*/s/ W. Christopher Componovo*
                                                       W. Christopher Componovo
                                                      Attorney ID #3234
                                                      Kimmel & Silverman, P.C.
                                                      Silverside Carr Executive Center
                                                      Suite 118, 501 Silverside Road
                                                      Wilmington, DE 19809
                                                      Phone: (302) 791-9373
                                                      Facsimile: (302) 791-9476

PLAINTIFF'S FIRST AMENDED COMPLAINT